This is the case of Gerson Oswald Gourzong v. Attorney General of the United States. This is a case of first impression, testing whether the government can expand the definition of a court to include and encompass a special court marshal to sustain a deportation order in the United States. Do you agree that if your client in his special court marshal proceeding, if there was a judge present and judge presided, an actual judge schooled in the law if you will, that he was convicted by a court? I would not because I think you have to look at the court as an entity, not the particular court that you are... So you're saying as an entity, the fact that there's a judge there is not controlling? That's correct because if you look at Rivera Valencia, I think that's what the BIA has held because in Rivera Valencia... But I thought you were reading Rivera Valencia to say that the presence of a judge is controlling? Well, I think what Rivera Valencia says is that the case of a court marshal, in each case, a general court marshal, in each case you get a military judge, which is not the case... I don't think it's that specific. Oh, it is. That's a fact. You have to have a judge for a general court. And you also have to have an article 32 hearing, which I didn't mention in the briefs, but is a very important right in a general court marshal that you don't get in a special court marshal. But we're not talking about, I mean you're talking about some kind of a categorical exclusion, but your client had a special court marshal. Was there a judge presiding or not? There is nothing in the record indicating that there was one. So wasn't that your burden to say he was convicted by a tribunal that was not a court because there was no judge? Well, I don't know how I could sustain that burden, Your Honor. It was 23 years ago. Well, if he's contending that maybe you had one and maybe you don't, and he doesn't know what happened in his situation... I mean, the records are there. It shows who... Yeah. It seems to show from the records that are part of this case who it was that presided. It doesn't show who it was, Your Honor. Well, it seems to. There's nothing that it shows you. Hold on. I said it seems to show. I mean, there's somebody who was in charge. There are various names on these documents. I'm going through them here. And you could have ascertained the qualifications of those individuals. How? Call up the Navy and ask them. Your position is that the record is blank as to a JAG officer being present at this court-martial? A military judge meeting. A JAG officer. Okay, okay. Aside from that, you don't have to go so far as to say that even if one were present, it would not be a court under the Immigration Act. Correct. So you don't have to bite off more. You have to chew here. Correct. And in my second reply brief, that's exactly what we said. And your position is it's the government's burden to show that it was a court. And your position is it wasn't a court. The record does not reflect that a JAG officer presided at the special court-martial. That is correct. In my record, that is right because when I looked at the record, in fact, I asked the judge, the immigration judge, where does it show that in the record? And his answer was it doesn't have to. But if he's complaining that he didn't get a conviction by a court, isn't this his burden to tell us why his specific conviction was not by a court? Well, I suppose if you make that his burden, that would be true, but at the time, I wasn't even given the chance to proceed with that. The judge said no. Well, even if he weren't given a chance, the ultimate question is whose burden is it to show whether or not it was a court, i.e. there was a judge presiding? I would think it would be the government's burden. They have the burden generally to show each and every element of the record. Let me ask you this question. The immigration judge and immigration judge's comments are part of this record. Correct. The immigration judge seemed to have more familiarity with this process perhaps than any of us because he previously had served as a judge advocate. And his comments about the process of special court-martials, as I read his comments, pretty much answers the question. There are not special court-martials unless there's an exceptional circumstance, and that circumstance is never used anymore. Well, why isn't that part of the record? You didn't rebut it. You asked him questions and you said, well, I'd like to certify this. There was that colloquy. But you didn't rebut what he said. I don't know how I could rebut what he said. First of all, I don't know what period of time he was speaking of. Well, you could ask your client. You could ask your client. I did not get a definitive answer. You're saying how could it be. You could ask your client. At that hearing, I think I had all five minutes when I went in there. The judge had made up his mind. He wasn't interested in my argument, and he dismissed me rather quickly. And when I raised the issue, he acknowledged that that's true. He just said that never happens. But I don't know what period of time he was talking about. Let me ask you another question. I understand your argument, and your argument is an interesting argument. It's perhaps a good argument. I hope so. When is a judge a judge? When is a judge a judge? That is a very good question. I think we should take the common, ordinary, contemporary meaning of a judge. Someone who graduated law school or is otherwise trained in the world. That's not necessarily so. You said military judge. That's what there should have been, a military judge. A military judge is a member of the Judge Advocate Corps. Well, a military judge is defined as being either a judge or it's a presiding member. When it lacks a military judge, the presiding member is given the same responsibilities. And the definition of military judge includes the presiding officer of a general or special court martial detailed in accordance with Article 26. So it would include... An attorney officer. Yeah. Well, that would be sort of a... I mean, I don't think that's what is meant by saying when you have a court... I mean, the outcome of this case, whatever it is, I'm pretty sure would be different if I was arguing in front of three artillery officers. I mean, the idea that... Today's case would be different. Yes. They might side with you. That's a lot of fact-finding, though. It's also... Don't we apply law when we do fact-finding? Don't we ask... I mean, isn't that a judge's job? Go back to my question. When is a judge a judge? Now, there are judges around. As we're sitting here in Pennsylvania, as we're sitting here in the city of Philadelphia, there are judges who are judges who are not attorneys. Right. But as you were referring to the municipal court magistrates... Well, and administrative law judges. Well, if it was an administrative law judge, that would be another question. I would be very curious as to whether their judgments would hold up here as well. But judges in various courts in Pennsylvania and across the country, which the INA statute obviously covers, there are various judges who can accept a guilty plea to a misdemeanor that could qualify as a removable offense who are not attorneys. Don't they have to be certified by the state and approved before they do that? Yes, but they're not attorneys. And that's why I asked you the question of... You made a good argument that to be a court you need a judge, but the real answer is when is a judge... What is a judge? And it goes back to maybe Castillo and the other cases. Should we be looking... I know it says the word court, but of equal importance is the word criminal proceeding, and is a special court martial a criminal proceeding? Right. So I would argue that it is not. I did in my second reply brief. The gap here is not just between what is a general court martial and a special court martial and the difference of those proceedings. The real measure of the gap should be what you get in an ordinary criminal proceeding versus what you get in a special court martial, and is it really the same? You don't get any different. It seems to me that the difference is the category of an offense that can be heard by a special court martial versus a potential capital offense that can be heard by a general court martial. And we give full faith and credit to both, and both would be double jeopardy, would they not? I think a prosecution under federal jurisdiction it would be. I'm not so sure about state jurisdiction because it would be a different governmental entity. But I would also point out that part of what Your Honor is probably referring to is that under the sentencing guidelines a special court martial is a court of recognition, specifically by regulation, and it is not so in immigration proceedings. Do you read, Valencia, as holding that the presence of a judge is the sine qua non of a court? Or is an important factor? No, I argue it is the sine qua non. In each case you have the military judge detail. Because there they didn't need to say that. It was just sufficient but not exclusive in that fact pattern, in their analysis. I don't know because what he was arguing is that a general court martial was not a court, and the BIA said, oh, yes it is, because we're going to define a court as meaning a public body consisting of one or more judges. Well, there's a judge all the time, so that's enough. But it didn't address the issue. But if there isn't a judge all the time, are there other aspects that need to be looked at? Because they didn't have to. That's one way of looking at it. Okay. And I would say that the special court martial, of course, it is even further removed from an ordinary procedure that would get a general court martial. I'm curious as to make a categorical statement that special court martials are not courts. Yes. Yes, that would be my position, that they're not courts. Now, are we back down to Rivera, Valencia here? And the question is, ultimately, under the BIA's own definition, it has to be a court and an assembly of a government body that determines this. So the question is, if someone does not have legal training, i.e., is not a JAG officer, and there's nothing in the record that reflects that the JAG officer did preside, can we designate that someone is a judge, even though they have no legal training, by calling the presiding officer, whether it be an infantry or artillery officer, a judge of the proceeding? Is that the ultimate question? Yes, and I don't think it does work for me. Well, that's the question. BIA itself has said there must be a judge. Yes. And the question is, is someone a judge merely because you say they're a judge and they have no legal training? That's right. With the same authority and responsibility of somebody else. Right. And that's the ultimate question before us right now. Yes. And that's the question that's really before us. The BIA in this case chose not to follow Rivera Valencia on the point that you're arguing. Correct? Well, they cited it, and they said it doesn't matter because you always get somebody to preside over your hearing. Well, how can somebody preside over your hearing? It's not the same thing as having a military judge. You think that's inconsistent with Rivera Valencia, do you not? In my case, yes. Okay. What does that mean? I know we don't have to give – we obviously – when the BIA doesn't have a justification for their change in position, we do not have to give it deference. But doesn't that just put the issue in our lap? Aren't we the ones that have to ultimately decide the legal question? Yes, I think you should. Okay. Yes. All right. Yeah. There you go. We'll bring Mr. Shagan. We'll have you back on the phone. Okay. Thank you very much. Mr. Bless, we're glad to see you here, but a little disappointed. I saw the minutes last night, and it listed Loretta Lynch. So I wore my best tie. I got my newest robe on and everything. I think the attorney general is going to come here, and Mr. Bless came. Given how we handled this case, Loretta Lynch, attorney general, probably shouldn't take my place today. You send our regards to court, and we apologize. That's interesting. That's a question I had right from the beginning. You read the whole thing, and your litigating posture, I guess I would call it, is sort of something I would like to have some understanding of. First, you asked for summary affirmance. I'm talking before the DIA. You asked for summary. Yeah. And then secondly, you changed courses asking, when you got here, for a remand. And then when you got here, you filed a brief which asked for a remand, even though it was supposed to be an answering brief to the petition. It wasn't. And then after we requested respectfully that you brief what we should have gotten, you finally filed a brief. Yeah. So I'm mystified by your, as I say, I don't know if you see the right term, by saying you're litigating posture. Why did you take all these exams if this case is such a simple thing that, you know, there's not a fact it should have been summary affirmed as far as you're concerned, the DIA shouldn't be up here. Yeah. It's opening weekend in baseball, and we blew a save. I mean, and now we're looking to still win, which a closer can do. You blow the save, and you try to, if your team scores in the bottom half of the inning, you get the win in the record, and then it looks like you run the game. Are you abandoning the remand position? Yeah, we withdrew that. It should have never been presented. Well, you didn't withdraw it. We didn't, for no one of our briefs. Oh, you did. Yeah. Our position is at Castillo. But you did take the position that Rivera-Valencia needed to be clarified because perhaps it was misapplied in this situation without explanation, correct? That was based on an absolute misreading of not only the board's decision in this case, but a misreading of Rivera-Valencia. And Castillo, Jenna Cohen's decision. I mean, Castillo, which admittedly was not present in our pleadings, is the seminal case. That is what controls today, and that's why in the brief submitted now, that is real. Castillo is the case. Castillo is going to decide this case. Okay, so the question I guess I'd like to ask you is this. I'm a judge, good or bad or whatever. I've got the designation. I'm a judge. But if I came in from a cold, knew nothing about the law, I'm in the military, I'm an officer, and they say, Cowan, you're a judge, go try this case. I say, I don't know the first thing about trying cases. Preside over the case. Not only are you going to try it, you're going to preside over it. We're going to need a panel to decide the case. And I decide the case. I know nothing about hearsay. I know nothing about evidence. I know nothing about relevancy. And I try the case. Does the very fact that they send you a judge make you a judge under Castillo Rivera? No, and that's funny because the petitioner is trying to put labels on it. It's not about an open-ended inquiry. And in the military, just like in our civilian system, it's the commissioned officers who make a finding of guilt or innocence, which is what matters when you're looking for a formal judgment of guilt. And so it's very similar. So the three commissioned officers who make a finding of guilt or innocence, whether there's a judge present or not, are what controls. And here we have a guilty plea. Well, according to the Rivera case, you can't have a court unless you have a judge. And my question to you is this. You have a proceeding. You have a body and so forth. But you don't have a JAG officer who's trained in law. You can't be a JAG officer unless you're admitted to the bar at least once a day. Now, you're tried by a panel. Does the very fact that the military designates someone a judge make that person a judge under Rivera-Castillo? Well, it may not under – see, Rivera – it's Rivera-Lencia cited to Black's Law Dictionary. And so the question is, is Black's Law Dictionary controlling? And under the circumstances of how the board cited to it, they never said it was controlling. They used it for the purpose presented. And so the answer would be no. What we're looking at is, is a court-martial and a judgment of guilt entered in a court-martial, special court-martial, a conviction for immigration purposes? Now, since 1907 – By a court. By a court. Since 1907, the Supreme Court has applied and made conclusive in civilian courts court-martials. That's now over 100 years on that. And so – But Congress never did it for immigration purposes. Since 1949, that's been the case. They've treated court-martials as convictions, and the Congress has never changed it, and in fact, expanded the definition. In sentencing, court-martials are treated as previous convictions. And if we look to what we have – You can go through your litany. But why then in 2008 did the BIA find it necessary to opine in Rivera, Valencia, as to whether a general court-martial was a conviction? Why did they issue a presidential opinion? Why did they do that in 2008? If it was so clear, why did they issue the presidential opinion in 2008? I don't know if it was ever – I mean, a lot of the times, I don't know why they issued public decisions. I don't know why – It was probably a novel issue presented post the codification, but I don't know for sure they didn't say that. But the codification of the term conviction was a recent – or at least a somewhat recent development that probably spurred them to revisit their definition and their prior case law post the 1996 legislation, which codified the definition of conviction. Using your baseball analogy, I'm going to throw you a softball. Thank you. Because the paragraph that talks about this says that a military judge presides over each general court-martial and an accused may elect to be tried by a military judge alone. And the military judge is defined in the act as including one who presides when a judge is present. It also says, furthermore, the function of the general court-martial is, among other things, to try persons subject to the UCMJ for any offense made punishable thereunder and to judge any punishment not forbidden. Such a tribunal satisfies the conventional definition. To my mind, the BIA is not making a categorical ruling that you need to have someone trained in the law or else it's not a court. To me, there's at least some ambiguity because you use the term military judge. And if you look at the definition of military judge, it would include someone who's not a judge-judge, not trained in the law. I'm not sure how – and I say that because your colleague has the opportunity, I'm her brother, to come back. But it seems to me that – and maybe that's why you initially wanted to remand because maybe you wanted to say that. Clarify. I think we misinterpreted what the – it's not just Rivera-Valencia. It's Rivera-Valencia plus the decision in this case, which is well-reasoned, are efforts be damned. But it doesn't acknowledge that the one judge BIA ruling here doesn't acknowledge the alignment of judge and court that was done in Rivera-Valencia, does it? It doesn't really note that. I think it understood that the specific context there was general court-martial and that citing to the Black's Law Dictionary was not a synchronized definition of the term because we need to take an open-ended inquiry as to – when we're looking at whether this is a conviction and there's a lot of terms that have different meanings, it has to be an open-ended – Because sometimes there are judges present and the burden of proof is preponderance of the evidence. Now there we have a different – because there's a legally trained judge but the burden is only preponderance of the evidence to find the person guilty. Let's go to the special court-martial for a second. You acknowledge, at least under the law, there's a possibility that there will not be a military judge residing in a special court-martial. A possibility. Yes. From the record, from the IJ's comments, one could argue that that doesn't happen anymore but there's still that possibility. Let's get to a question we asked counsel about. In a case like this, whose burden is it to show that the presider in a particular case, in this case, Gorzon's case, was in fact a military judge? Well, that would be a question for the attorney general to answer in the first instance and I'm not so sure that was addressed here. It was presented. It was raised. And it wasn't addressed. Okay. And so that would be a question. What do we do? And this is plain. What do we do with that? Well, I think you could do a couple of things and I don't want to violate Chenner. But if you go to the record in this case, there's overwhelming evidence that the judge was present. I went to the record. Why do you say that a judge was present? Let's look at the rules that dictate when a judge may not be present because they're rare and they need to be compelling and they indicate that it's high seas. This was at Camp Hamilton. If you look at the distribution list on page 129 of the record about who was there, it says accused and there's a number one, MJ1. Which document is that? That's the special court martial order, an action number. And so you have MJ. This is a distribution list by the convener. MJ, DC, TC. Yeah, defense counsel because he was represented. We know that. Who's TC? DC would be top counsel. Yeah, counsel. And appellant. Yeah. Okay. And MJ would be the indication that it was a judge. Although, as I said, MJ is defined as including the president when there isn't a real judge there. So military judge could mean the presiding person. But, again, Valencia Rivera said military judge instead of one trained in the law. That's the same military judge who went to law school. Right. So then what we're left with is Castillo and Castillo's what we would propose, and Rivera of Valencia is saying there are a lot of ambiguous terms. We need to make it open. When we're talking about whether someone was convicted, which is the first question, the ultimate question, it has to be not just getting lost in the weeds, so to speak. It's about looking at everything, the function, the binding nature. Was this a criminal proceeding? Yes. What you're saying is that the probability of a judge was present, but you can't rule out the fact that a judge may not have been present. Is that your argument? And I'm bound by the board appreciating that, and I don't want to go against that whatsoever. Okay, but the bottom line is there's no definitive argument here that a judge was present. No. But what is definitive is that there was a plea. Yes, that's for sure. No doubt. But that's not the question. The question is whether it was entered, and if there's a plea, whether it's a plea or a judgment on the merits, the question is whether it was an assembly, governmental assembly, and rendered by a court, and the question is how can you have a court if you don't have someone that's trained in the law? Is someone a judge merely because you say they're a judge and that makes them a judge, and they have absolutely no knowledge of the law? Well, we've always had. We've always had. I mean, we had different types of what we defined what legal training was going back to when this country started. In England, all the magistrates were lay people originally. Yeah. But for present purposes, we're talking about military law. When they say under the definition of the PIA itself that there has to be a judge present for a court to be constituted, why can't we say that and why wouldn't be the fact that? You can't show in this case that he had a conviction by a court because there was no judge present. Well, I think the default would be then to go to congressional intent, and Congress is well aware of this military system. They set it up. And they, for the last over 100 years, have said these judgments are binding in civilian courts. Any more constitution. All of these judgments that you cited were general court marshals, they said. They were overwhelmingly general court marshals. Of course. They were not special. You know, those happen to be probably the most frequent cases. The special court marshals are a special situation. Aren't the special court marshals used mostly for misdemeanors? Yes. This is an unusual situation where a very, very serious crime was charged in a special. It's not going to happen again. It really has to do with the maximum term of a year. In fact, here he only got 120 days in the brig. He could only get 60 days in the brig. Well, I think he got discharged ultimately. It was a plea bargain. It was a serious crime. Yeah. I mean, he certainly could have requested a general court marshal, and, you know, maybe we're not having this discussion today. But I think when you go back, if the question is somewhat up in the air, I really urge the court. I think congressional intent lends itself to resolution in this case because it's always been that Congress intended all court marshals, besides summary, above summary, to have binding and conclusive effect and to do that here. Well, why wouldn't it also, if you're making that broad statement, why wouldn't it apply to summary court marshals? And they haven't left their rank in the military. They have summary court marshals like that, handshakes almost. Guys, there's something wrong. It's a summary court marshal. I know. And, you know, that's a good point. But there's a counterpoint, which is the summary court marshal will always have an ability to challenge the immigration consequences of a conviction. And that's not what we have here. And so if you have a summary court handshake, and it was, and then the immigration authority said, well, I'm going to make you deportable, they can always go back and say, that offense doesn't make me deportable. But here it's a more fundamental issue, which is, does this even count as a conviction? And Congress has said, absolutely, you take what the military did and you apply it in civilian courts. And the ultimate resolution of whether that has consequences, that is where we can argue. Okay? All right. Thank you so much. We thank you. And we thank you for responding as you did in your later papers, even though not here. And we'll let the Attorney General off the hook this time for giving us false expectations. If I may, just so the court is hopefully, I'm giving a training to the entire office April 29th on when not to brief remand. Okay? That's a step forward. Yeah. I just, I don't know. And you can always argue it before us. Okay. Mr. Chairman. I'd like to make a couple of points. One, all those cases that were cited were general court martial cases. And there's a huge difference between a general and a special court martial. How huge? That word's been thrown around too much lately. Yeah, I know. The difference is as follows. First of all, it's at the discretion of the committee officer or the convening authority. You don't get to elect a general court martial. If they do it this way, they do it that way, and that's what you get. But with a general court martial, you have to have what I consider one of the great advantages under military law. You must have an Article 32 hearing. And that is something unique to military law. But it takes away some of the ñ it balances the scales a little bit because it gives the service member an opportunity to see the evidence against them and question the witnesses. You do not get that in a special court martial. Well, more than that, with the general court martial, the commanding officer is not the person that designates the presiding officer. That's correct. That's absolutely correct. That's the main difference. Yes. There can be no command influence. Correct. But with special and summary, the commanding officer designates who is to preside. Correct. And that person is under that person's command. It's not someone from the next division. No, that's right. And command influence is what counts here. Correct. I would also point out that the time for this to have been raised ñ I raised the issue, and trial counsel was right next to me. They didn't say, oh, we have the evidence, or no, we disagree. There was nothing that was introduced by the government challenging the presence of a military judge. And as Your Honor points out, I don't know what that MJ is. It could have been military judge. It could have been Michael Jacob. It could have been ñ Michael Jordan. Michael Jordan, right. It could have been anything. It could have been a military judge. That is, it may be a military judge, but it's not detailed. Isn't that enough? Doesn't that document at least then toss the burden to you to ascertain that it wasn't a military judge? If they gave me that opportunity at the time, I certainly would have risen to the occasion and tried to present evidence to that effect. Maybe you should be here asking for a remand. No, I want this case decided because ñ I understand that. But what I'm saying, you're asserting that maybe you didn't have an opportunity. Maybe if you had an opportunity, you'd be able to answer the question in your client's favor. Well, I think that was the government's burden, not mine. Well, they came forward with this document. Well, but that document doesn't say anything. What they're saying is on appeal for the first time, there's an indication in the document that maybe there was a military judge. Not a military judge detail, just a military judge, just somebody presiding over the panel. And, you know, these cases are exhausting to do because the first time we seem to get ñ I feel like Ron Dangerfield every time we go before the BIA. I mean, I presented this argument. I don't think they took it seriously. And you come up here and we present a very ñ what I hope is a cogent argument, and we explain our position. It is a very cogent argument. Thank you. Do you not agree, though, that Rivera Valencia talks about a military judge being present? And by definition, military judge includes a presider who is not ñ I don't agree. ñ trained in the law. Why? Because in Rivera Valencia, they were talking about a general court martial. And in a general court martial, a military judge must be detailed as a ñ the one who is trained in the law. Correct. Okay, but it doesn't say ñ when they make their determination as to whether it was a court, they say military judge. And it's been defined ñ it's defined in the law as including someone who is trained in the law or someone who presides. That's the military judge. So by definition, Valencia Rivera says military judge. I would put it this way. I would say that in that case, a general court martial passes muster because you have a military judge who is trained in the law, and a special court martial doesn't because you don't necessarily get one. And that, to me, is necessary and sufficient, not a court, as we would understand a court that enters a formal judgment of guilt. But you do acknowledge that in Valencia Rivera, it did not say one trained in the law. It used the term military judge. That is correct, but it had to be one trained in the law. For that purpose. For a general court martial, yes. One other point I'd like to make is that as complicated as these issues are, I believe this is the right forum to do it because the BIA has no special knowledge about military law, and we know what they thought a court should be. They promised what they thought a court should be. Every immigration judge would be in a position to find some facts here, and a fact may be the qualifications of the presider. I don't think so. I mean, first of all, there was no inquiry of this. I mean, he didn't make an inquiry as to what actually happened. He made a presumption, and a presumption which I really could not rebut. I mean, it put me in a... It put you in a tough spot. Yes. And then to go back again and start all, it's like Sisyphus going up, you know, going up the mountain of the rock. You just want to see it end. You want to win here and end this case. We understand your position. It's a wise position to articulate, and we thank both cots and we'll take the matter under caution. Thank you very much, Your Honors.